DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **Flagstar Bank, NA** f/k/a Flagstar Bank, FSB,<br><br>            Plaintiff,<br><br>    v.<br><br>**Gregory W. Degele** a/k/a Gregory Degele, individually and with **Laura Degele** as husband and wife; and **Enfield Green Homeowners Association** a/k/a Estate Enfield Green Owner's Association, Inc.,<br><br>            Defendants. | No. 1:23-cv-00056 |

# Complaint

## Parties

1.    This is an action for foreclosure of real property mortgage brought pursuant to V.I. Code Ann. tit. 28, §§ 531-38.

2.    Plaintiff **Flagstar Bank, NA** f/k/a Flagstar Bank, FSB ("**Flagstar**") is a national banking association organized under the laws of the state of New York with its principal place of business located at 102 Duffy Avenue, Hicksville, NY 11801 and is a citizen of New York for diversity purposes.  Flagstar seeks to foreclose its mortgage on the real property described below.

3.    Defendant **Gregory W. Degele** a/k/a Gregory Degele is an individual and, upon information and belief, is a citizen of Kentucky for diversity purposes.  Degele is the borrower of the mortgage loan described below and the owner of the real property that was mortgaged to secure that loan.

Complaint
*Flagstar Bank, NA v. Gregory W. Degele*, et al.
Page 2 of 8

4. Defendant **Laura Degele** is an individual and, upon information and belief, is a citizen of Kentucky for diversity purposes. Together with Gregory Degele, Laura Degele owns the real property described below that was mortgaged to secure Gregory Degele's mortgage loan.

5. Defendant **Enfield Green Homeowners Association, a/k/a Estate Enfield Green Owners Association, Inc.** ("EGHA") is a Domestic Nonprofit Corporation and, upon information and belief, is a citizen of the U.S. Virgin Islands for diversity purposes. EGHA is named to this action pursuant to 28 V.I.C. § 521 because it holds an interest in the subject property that is subordinate to Flagstar's mortgage.

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over this matter under 48 U.S.C. § 1612(a) and 28 U.S.C. §§ 1332 and 1348 as complete diversity exists between Flagstar and the defendants and the amount in controversy exceeds $75,000 exclusive of costs and fees.

7. This Court has personal jurisdiction over any defendant who is domiciled or otherwise subject to service of process within the territorial limits of this Court. Under the Virgin Islands long-arm statute, V.I. Code Ann. tit. 5, § 4903(a)(5), this Court has personal jurisdiction over all defendants who are not domiciled in the U.S. Virgin Islands but who use, possess, or have interests in real property in the territory.

8. Venue in the District of St. Croix is proper under 28 U.S.C. § 1391(b) because the real property that is the subject of this action is located in that district.

# Facts

### The Property

9. At all times relevant to the origination of the mortgage loan that is the subject of this action, the Degeles held title to real property ("**Property**") described as:

> Plot No. 133 Estate Enfield Green, Prince Quarter, St. Croix, U.S. Virgin Islands as more fully described on OLG Drawing No. 4386;

as husband and wife by means of a warranty deed dated February 27, 2007, which was recorded in the Office of the Recorder of Deeds ("**Recorder**") for the District of St. Croix on March 19, 2007, at Book 1076, Page 253, Doc. No. 2007001377.

### The Note

10. On February 23, 2009, Gregory Degele executed and delivered to Flagstar Bank, FSB ("**Flagstar FSB**") a promissory note ("**Note**") in which he promised to pay the principal amount of $513,057.00, together with interest at the annual rate of 3.375%, in equal consecutive monthly installments of principal and interest in the amount of $2,872.97 beginning April 1, 2009, and continuing until all amounts are fully paid, but no later than March 1, 2039.

11. The Note further provides that any monthly payment that is not received by the end of 15 calendar days after the date that it is due shall be subject to a late fee that is calculated as 4.000% of any overdue payment.

### The Mortgage

12. To secure payment of the Note, the Degeles gave a first priority mortgage ("**Mortgage**") over the Property dated February 23, 2009, to both Flagstar FSB and its

Case: 1:23-cv-00056-WAL-EAH   Document #: 1   Filed: 12/07/23   Page 4 of 8

Complaint
*Flagstar Bank, NA v. Gregory W. Degele*, et al.
Page 4 of 8

nominee, Mortgage Electronic Registration Systems, Inc. ("**MERS**"). The Mortgage was recorded with the Recorder on February 27, 2009, at Book 1180, Page 352, Doc. No. 2009000813.

13. The Mortgage provides that the Degeles shall make all payments as required by the Note when due.

### The Loan Modification

14. The Note and the Mortgage were subsequently modified by a Home Affordable Modification Agreement signed by the Degeles on April 15, 2013, and recorded with the Recorder on November 13, 2013, at Book 1354, Page 196, Doc. No. 2013003947 in the modifed principal amount of $499,800.49 payable in 60 monthly installments at an initial annual interest rate of 2.000%, followed by 12 months of payments at 3.000% and 408 months at 3.750%.

15. The Note and Mortgage were again modified by a Loan Modification Agreement signed by the Degeles on October 3, 2022, and recorded with the Recorder on January 25, 2023, at Book 1687, Page 182, Doc. No. 2023000206 in the modified principal amount of $537,660.13 payable in monthly installments of $2,376.98 beginning February 1, 2022, and continuing until the maturity date of January 1, 2052, at a fixed annual interest rate of 3.375%.

16. Except for language in the Note and Mortgage concerning interest rate adjustments, all other terms and provisions of the Note and Mortgage remained in full force and effect.

Case: 1:23-cv-00056-WAL-EAH   Document #: 1   Filed: 12/07/23   Page 5 of 8

Complaint
*Flagstar Bank, NA v. Gregory W. Degele*, et al.
Page 5 of 8

### The Mortgage Assignment

17. On or about May 9, 2018, MERS, for itself and as nominee for Flagstar FSB, assigned its entire interest in the Property to Flagstar FSB ("**MERS Assignment**"). The MERS Assignment was recorded with the Recorder on May 23, 2018, at Book 1503, Page 468, Doc. No. 2018002018.

### The EGHA Lien

18. On or about October 5, 2021, EGHA recorded a Notice of Lien in the amount of $4,912.39 against the Property, which was recorded with the Recorder at Book 1633, page 132, Doc. No. 2021003590 ("**EGHA Lien**"). The EGHA Lien is subordinate to the Mortgage.

19. All conditions precedent to the maintenance of this action have occurred, been performed, or been excused.

## Causes of Action

### Count One:  Foreclosure of Lien upon Real Property

### (v. All Defendants)

20. Flagstar realleges all preceding paragraphs and incorporates them by reference.

21. Flagstar has actual possession of and enforcement rights to the Note; and it is the holder of the Mortgage by means of the MERS Assignment, thereby entitling it to maintain this foreclosure action.

22. On or about December 1, 2022, Gregory Degele defaulted under the terms and conditions of the Note because he failed to make his scheduled monthly payment of principal, accrued interest, and other amounts as promised.

23. Likewise, the Degeles defaulted under the terms and conditions of the Mortgage by failing to make their scheduled monthly payment of principal, accrued interest, and other amounts as required by the Note.

24. On September 28, 2023, Flagstar sent a written notice of default to Gregory Degele alerting him to his default under the loan documents and advising him that his failure to cure that default would result in the acceleration of the debt and foreclosure of the Mortgage.

25. To date, however, Gregory Degele has failed to cure his default and he remains in default under the terms of the Note and Mortgage.

26. In accordance with the terms of the Note and Mortgage, Flagstar has accelerated all unpaid principal and accrued interest currently outstanding under the Note and made those sums immediately due and payable.

27. There is currently due and owing to Flagstar from Gregory Degele an unpaid principal balance, plus accrued interest, advances, expenses, fees, costs, and late charges.

28. Under the terms of the Mortgage, Flagstar is entitled to be reimbursed for any insurance premiums, taxes, or other charges that it pays with respect to the Property.

29. Under the terms of the Note and Mortgage, Flagstar is entitled to be reimbursed for reasonable attorneys' fees and other expenses that it incurs to enforce payment of the Note or incidental to foreclosure of the Property.

Case: 1:23-cv-00056-WAL-EAH  Document #: 1  Filed: 12/07/23  Page 7 of 8

Complaint
*Flagstar Bank, NA v. Gregory W. Degele*, et al.
Page 7 of 8

30. Flagstar is entitled to the foreclosure of the Mortgage, the foreclosure of all rights, title, and interests that the Degeles have in the Property, the foreclosure of the subordinate EGHA Lien, the sale of the Property to satisfy the Note, and the recovery of any deficiency from Gregory Degele.

## Prayer for Relief

**WHEREFORE**, Flagstar requests the following relief:

1. Judgment declaring that Degele has defaulted under the terms of the Note, thereby entitling Flagstar to exercise all remedies provided for in that instrument;

2. Judgment declaring that Degele has defaulted under the terms of the Mortgage, thereby entitling Flagstar to exercise all remedies provided for in that instrument;

3. Judgment that Degele is indebted to Flagstar for unpaid principal due under the Note, plus accrued interest, per diem interest, advances, fees (including attorneys' fees), costs (including legal costs), and late charges;

4. Judgment for all additional interest, costs, expenses, and attorneys' fees that Flagstar incurs as the result of the breach of the Note and Mortgage, whether accruing during the pendency of this matter or otherwise;

5. Judgment foreclosing the Mortgage;

6. Judgment foreclosing the subordinate EGHA Lien;

7. Judgment ordering that the Property be sold and that Flagstar be paid from the proceeds of the sale all amounts due on the Note, including but not limited to any sums that it may pay for insurance premiums, taxes, or other charges with respect to the Property either prior to or during the pendency of this action, with interest from the date of payment;

8. Judgment declaring that the Degeles and all persons claiming from and under them are barred and forever foreclosed of all right, title lien, claim, and equity of redemption in and to the Property, subject only to the statutory right of redemption except where waived and released;

9. An order appointing a receiver, if requested by Flagstar, to collect and receive the rents and profits of the Property, if any, during the pendency of this action; and

Complaint
*Flagstar Bank, NA v. Gregory W. Degele*, et al.
Page 8 of 8

10. Judgment awarding Flagstar such other and further relief as is just and equitable.

                                                          Respectfully submitted,

Dated: December 7, 2023                /s/ A.J. STONE III, ESQ.
                                                          A.J. Stone III, Esq.
                                                          V.I. Bar No. 823
                                                          BOLTNAGI PC
                                                          Merchants Financial Center
                                                          4608 Tutu Park Mall, Ste. 202
                                                          St. Thomas, VI 00802-1816
                                                          (340) 774-2944 Telephone
                                                          (340) 776-1639 Facsimile
                                                          ajstone@vilaw.com

                                                          Attorneys for Plaintiff
                                                          Flagstar Bank, NA