DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, NA (f/k/a Flagstar Bank, FSB),** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **Gregory W. Degele a/k/a Gregory Degele, individually** ) <br> **and with Laura Degele as husband and wife; and** ) <br> **Enfield Green Homeowners Association a/k/a** ) <br> **Estate Enfield Green Owner's Association, Inc.,** ) <br> ) <br> **Defendants.** ) <br> _____) | **Civil Action No. 2023-0056** |

**Attorney:**

**Richard H. Dollison, Esq.**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Plaintiff Flagstar Bank, NA's (f/k/a Flagstar Bank, FSB) ("Plaintiff") "Corrected Motion for Default Judgment" ("Motion for Default Judgment")[1] (Dkt. No. 36) and "Motion for Attorney's Fees and Costs" (Dkt. No. 32). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment and grant in part and deny in part the Motion for Attorney's Fees and Costs. The Court will award attorneys' fees in favor of Plaintiff in the amount of $5,085.00 and expenses in the amount of $1,089.11.

---

[1] In the instant Motion for Default Judgment, Plaintiff states that its initially filed Motion for Default Judgment (Dkt. No. 29) contained a scrivener's error in the subject property description. (Dkt. No. 36 at 1 n.1). Plaintiff represents that the instant Motion corrects that error. *Id.*

## I.    BACKGROUND

On December 7, 2023, Plaintiff filed a Complaint against Defendants Gregory W. Degele a/k/a Gregory Degele, individually ("Gregory W. Degele") and with Laura Degele as husband and wife ("the Borrowers") and Estate Enfield Green Homeowners Association a/k/a Estate Enfield Green Owner's Association, Inc. ("Enfield Green") for a debt owed and for foreclosure of a mortgage on real property. (Dkt. No. 1).

In the Complaint, Plaintiff alleges that, on February 23, 2009, Gregory W. Degele executed a promissory note (the "Note") in favor of Flagstar Bank, FSB ("Flagstar") in the principal amount of $513,057.00, together with interest at the rate of 3.375% per annum, in equal consecutive monthly installments of principal and interest in the amount of $2,872.97. *Id.* at ¶ 5. On the same day, as security for the Note, the Borrowers executed and delivered to Flagstar a first priority mortgage (the "Mortgage"), encumbering property described in the Warranty Deed as:

> Plot No. 133 (0.642 U.S. acre) Estate Enfield Green, Prince Quarter, St. Croix, U.S. Virgin Islands, as more fully shown on OLG Drawing No. 4386 dated July 01, 1987, revised June 9, 1992.

(the "Property") (Dkt. No. 37-1 at 1). After the Mortgage was assigned to Flagstar by Mortgage Electronic Registration Systems, Inc. ("MERS") in May 2018, the Note and Mortgage were subsequently modified by a Home Affordable Modification Agreement, and once more via a Loan Modification Agreement executed by the Borrowers on October 3, 2022 in the principal amount of $537,660.13, payable in monthly installments of $2,376.98 at a fixed annual interest rate of 3.375%. (Dkt. No. 1 at ¶ 15). The Complaint alleges that the terms and provisions of the Note and Mortgage remain the same, except for those related to interest rate adjustments. *Id.* at ¶ 16.

The Complaint further alleges that the Borrowers defaulted under the terms and conditions of the Note and Mortgage by failing to make monthly installments of principal, interest, and other amounts. *Id.* at ¶¶ 22-23. By correspondence dated September 28, 2023, Flagstar sent a Notice of

Default to the address on record advising that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. (*Id.* at ¶ 24; Dkt. No. 31-6). As of the date of the Complaint, the default was not cured; payment of the debt was accelerated; and the Borrowers remained in default. *Id.* at ¶ 25.

With regard to other liens, the Complaint alleges that on or about October 5, 2021, Enfield Green recorded a Notice of Lien against the Property in the amount of $4,912.39. (Dkt. No. 1 at 5).

Plaintiff seeks, *inter alia*, judgment in its favor and against the Borrowers and Enfield Green: declaring that Gregory W. Degele defaulted under the terms of the Note and Mortgage, thereby entitling Plaintiff to exercise all remedies provided by those documents; awarding the principal balance due on the Note plus interest, costs, expenses, and attorneys' fees; declaring that Plaintiff's Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; and ordering that the Property be sold with any proceeds to be applied to the sums due to Plaintiff. *Id*. at 7-8.

On May 30, 2025, Plaintiff filed a Motion for Default Judgment together with a Memorandum of Law. (Dkt. Nos. 36, 37). Plaintiff argues that the procedural elements for default judgment against the Borrowers and Enfield Green have been satisfied because Plaintiff served the Borrowers and Enfield Green with copies of the Summons and Complaint (Dkt. Nos. 6, 7, 13); the Borrowers and Enfield Green have not defended themselves in this matter; the Borrowers are not minors or incompetent persons; and the Borrowers are not engaged in military service. (Dkt. No. 37 at 10). In addition, Plaintiff asserts that it has satisfied the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2] *Id.* at 13-16.

---

[2] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable

3

Along with the Motion for Default Judgment, Plaintiff also filed a "Declaration of Amounts Due" ("Declaration"). (Dkt. No. 31-1). In the Declaration, Diane L. Derenge ("Derenge"), Banking Officer for Plaintiff, attests that she has personal knowledge of the documents regarding the subject loan in this matter, which are maintained as part of Plaintiff's business records. *Id*. at 2. Based on the information provided, the indebtedness owed to Plaintiff as of March 15, 2025 consists of the following: a principal balance of $528,901.75; accrued interest from November 1, 2022 to March 15, 2025 of $42,335.80; escrow advance of $9,329.26; accumulated late charges of $444.44; and recoverable balance of $6,309.00 (title costs, inspections, property preservation fees, and legal expenses)[3] for a total indebtedness of $587,320.25. *Id*. Derenge also asserts that interest accrues on the outstanding debt at the per diem rate of $48.91. *Id.*

In the Motion for Attorneys' Fees, Plaintiff requests attorneys' fees in the amount of $8,475.00 and expenses in the amount of $1,089.11, for a total of $9,564.11. (Dkt. No. 32). Additionally, A.J. Stone III, Esq., ("Attorney Stone") submitted a "Declaration of Counsel in Support of Motion for Attorneys' Fees," along with billing records listing the services billed, and averring that he billed at an hourly rate of $250.00. (Dkt. Nos. 34-1, 34-2).

To date, none of the Defendants have appeared in this action.

---

defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[3] Plaintiff has indicated it has included legal expenses as part of its requested judgment amount (Dkt. No. 32 at 1), but the Court will consider the requested legal expenses—for which Plaintiff provides billing records—as part of the Motion for Attorney's Fees and Costs.

## II.   APPLICABLE LEGAL PRINCIPLES

### A.   Default Judgment

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three *Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III.     DISCUSSION

**A.     Default Judgment**

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Borrowers, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. Plaintiff has provided evidence to establish the elements of its foreclosure action against the Borrowers. Specifically, Plaintiff has shown that: (1) Gregory W. Degele executed and delivered a Note to Flagstar dated February 23, 2009 (Dkt. No. 31-2); (2) the Borrowers executed and delivered a Mortgage to Flagstar dated February 23, 2009 (Dkt. No. 31-3); (3) MERS, as nominee for Flagstar, assigned its interest in the Property via an Assignment of Mortgage to Flagstar on May 9, 2018 (Dkt. No. 31-4); (4) the Borrowers executed a Home Affordable Modification Agreement on April 15, 2013 (Dkt. No. 31-5 at 1-11); (5) the Borrowers executed a Loan Modification Agreement on October 3, 2022 (Dkt. No. 31-5 at 12-16); (6) Plaintiff has possession of the Note and is the holder of the Mortgage, which provides that Plaintiff is entitled to foreclose its lien on the Property in the event of default (Dkt. No. 31-3 at ¶ 22); and (7) Defendant Gregory W. Degele is in default under the terms of the Note and the Borrowers are in default under

the terms of the Mortgage (Dkt. No. 31-6). Accepting the factual allegations as true and in light of the accompanying documentation confirming the terms of the Note and the Mortgage, the Court finds that Plaintiff has established, for purposes of default judgment, the merits of its claim.

In addition to establishing the elements of its claim, Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Borrowers and Enfield Green. It has properly shown that: (1) the Borrowers and Enfield Green were served with the Summons and Complaint (Dkt. Nos. 6,7); (2) the Borrowers and Enfield Green have not appeared in this action; (3) default was entered against the Borrowers and Enfield Green by the Clerk of Court on February 21, 2025 (Dkt. No. 28); and (4) the Borrowers are not infants nor incompetent persons (Dkt. No. 31-1 at ¶ 11). Further, Plaintiff has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center establishing that the Borrowers are not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)]. (Dkt. No. 31-12).

Plaintiff has also shown with specificity how it calculated the amount due on the account by providing the Declaration signed by Derenge and supporting documentation. (Dkt. No. 31-1 at 7). The Court finds that the following amounts are due: a principal balance of $528,901.75; accrued interest from November 1, 2022 to March 15, 2025 of $42,335.80; accrued interest from March 16, 2025 through the date of the entry of Judgment of $16,238.12.[4]; escrow advance of $9,329.26; accumulated late charges of $444.44, for a total indebtedness of $597,249.34.

Finally, Plaintiff has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from the Borrowers' breach of their contractual obligations

---

[4] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $48.91 from March 16, 2025 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $48.91 per diem rate *x* 332 days = $16,238.12.

together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, the Borrowers' culpable conduct is evidenced by their refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against the Borrowers and Enfield Green is appropriate.

B.   **Priority of the Liens**

The Court will also grant default judgment in favor of Plaintiff and against Enfield Green as to the priority of the liens.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, Civil Action No. 2012-0009, 2016 WL 447843, at *7 (D.V.I. Feb. 4, 2016). Thus, an earlier recorded instrument takes priority over a later filed instrument. *See Moco Inves., Inc. v. United States*, 362 F. App'x 305, 309 (3d Cir. 2010). Based on the record, Plaintiff's Mortgage was recorded on February 27, 2009 (Dkt. No. 31-3 at 9), while Enfield Green's lien was recorded on October 5, 2021 (Dkt. No. 26-1). Because Plaintiff's lien was recorded prior to those of Enfield Green, Plaintiff has a first priority lien on the Property. Accordingly, Plaintiff is entitled to default judgment against Enfield Green as to the priority of the liens.

The Court determines the priority of the liens as follows: Plaintiff has a first priority lien on the Property and Enfield Green has a second priority lien.[5]

---

[5] Under Virgin Islands law, "[w]hen a judgment is given foreclosing two or more liens upon the same property or any portion thereof in favor of different persons not united in interest[,] such judgment

8

### C. Attorneys' Fees and Expenses

In the Memorandum of Law attached to the Motion, Plaintiff also requests an award of attorneys' fees in the amount of $8,475.00 and expenses in the amount of $1,089.11. (Dkt. No. 33 at 2). In support of its request, Plaintiff submitted, *inter alia*, a "Declaration of Counsel in Support of Motion for Attorney Fees" and billing records. (Dkt. Nos. 34-1 and 34-2). In his Declaration, Attorney Stone states that he is a senior associate, and his hourly billing rate is $250.00. (Dkt. No. 34-1 at ¶¶ 1, 4). Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed." *Id.* at ¶ 3. Each billing entry includes columns for the date the work was performed, the initials of Attorney Stone, a brief description of the work performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (Dkt. No. 12-1).

The Virgin Islands statute governing attorneys' fees provides, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b). The Supreme Court of the Virgin Islands has held, however, that "although a fee arrangement for legal services is a matter of contract between the client and the attorney, courts will enforce only reasonable attorneys' fees, even if the contract itself is otherwise enforceable." *Rainey v. Hermon*, 55 V.I. 875, 880-81 (2011); *see also Abramovitz v. Lynch*, Civil No. 2005-92, 2007 WL 1959164, at *1 (D.V.I. June 26, 2007) (courts should not enforce contractual provisions that allow unreasonable attorneys' fees); *Yearwood Enterprises, Inc. v. Antilles Gas Corp.*, 2017 WL 6316625, at *3 n.21 (V.I. Super. Dec. 5, 2017) ("Regardless of whether the relief is awarded under V.I.R. Civ. P. 54 or 5 V.I.C. § 541(b), the Court must consider whether the attorney's fees and costs are reasonable."). In addition, the Virgin Islands Rules of Professional Conduct forbid any attorney from making any agreement for or charging "unreasonable fee[s]" or expenses. V.I. Sup.

---

shall determine and specify the order of time, according to their priority, in which the debts secured by such lien shall be satisfied out of the proceeds of the sale of the property." 28 V.I.C. § 533.

Rule 211.1.5(a). The terms of the Mortgage here also state that Plaintiff may recover "reasonable" attorneys' fees. (Dkt. No. 31-3 at ¶ 22). Therefore, the Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorneys' fees may be "reasonable." *See Phillips v. FirstBank Puerto Rico*, Civ. No. 13-105, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2019) (observing that the inclusion of attorneys' fees within the definition of reasonable costs is derived from 5 V.I.C. § 541).

"To determine a fair and reasonable award of attorneys' fees under 5 V.I.C. § 541(b), the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, Civil Action No. 2014-0111, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, Civil Action No. 2005-0011, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). Generally, when evaluating the reasonableness of a claim for attorneys' fees, the court undertakes a two-step analysis. First, the court determines whether the hourly rate sought is reasonable in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Williams v. Ranger American of V.I., Inc.*, Civ. No. 14-00017, 2017 WL 2543293, at *1 (D.V.I. June 12, 2017) (citing *Baumann v. Virgin Islands Water & Power Auth.*, Civ. No. 13-02, 2016 WL 1703312, at *1 (D.V.I. Apr. 27, 2016)); *see also Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001) (determining appropriate hourly rate by comparing the experience and skill of prevailing party's attorneys with that of local attorneys with comparable skill, experience, and reputation). The second step requires the court to decide whether the total hours billed were "reasonably expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Phillips*, 2018 WL 1789546, at *3 (quoting *Flagstar Bank, FSB v. Stridiron*, Civil Action No. 2011-046, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)).

### 1. Billing Rates

Turning first to the hourly rate charged, the Court considers whether counsel has established reasonable billing rates. Traditionally, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Selene Fin., LP v. Williams,* Civil Action No. 2017-0035, 2023 WL 8530142, at *2 (D.V.I. Dec. 8, 2023) (citing *Williams*, 2017 WL 2543293, at *2); *see also Bank of Nova Scotia v. Davis*, Civil Action No. 2017-41, 2019 WL 7593154, at *2 (D.V.I. Sept. 13, 2019) (acknowledging attorneys' rates generally spans from $125 to $300 per hour); *Ditech Financial, LLC v. Felice*, Civil No. 2016-94, 2019 WL 4941365, at *3 (D.V.I. Aug. 6, 2019) (awarding attorneys' fees at an hourly rate of $250 for a standard residential mortgage foreclosure case). Subsequently, however, hourly rates of up to $350.00 depending on the experience level of the attorney and the complexity of the case—have been found to be reasonable rates charged in the Virgin Islands. *See, e.g., Herishetapaheru v. Firstbank Puerto Rico*, Civil Action No. 2016-0057, 2022 WL 991327, at *3 (D.V.I. Mar. 31, 2022) (allowing $325.00 in attorneys' fees based on the attorney's level of experience); *High Times VI Enterprises, LLC v. Rahhal*, 74 V.I. 304, 310 (V.I. Super. Ct. Apr. 14, 2021) ("The Court finds that Plaintiff's counsel's rate of $350.00 per hour to be consistent with the customary and prevailing market rates that similarly experienced attorneys charge in the U.S. Virgin Islands."); *Roy v. Poleon,* ST-13-cv-525, 2018 WL 6721399, at *2 (V.I. Super. Dec. 14, 2018) (allowing $350.00 per hour to senior attorneys in complex civil action); *Freund v. Liburd*, No. ST-11-cv-730, 2017 WL 11596465, at *3 (V.I. Super. Dec. 20, 2017) (allowing $340.00 to $350.00 per hour for senior partners in complex contract, foreclosure, and contribution case).

In view of the foregoing, the Court finds that the $250.00 hourly billing rate charged for Attorney Stone is reasonable and falls within the range of rates typically charged for a foreclosure matter. *See Ditech Fin.,* 2019 WL 4941365, at *3 (finding a $250.00 hourly billing rate to be

11

reasonable); *see also Flagstar Bank, FSB v. Walcott*, Civil Action No. 2018-0037, 2022 WL 4094075, at *3 (D.V.I. Sept. 6, 2022) (same); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *6 (D.V.I. Aug. 7, 2020) (same).

### 2. Reasonableness of Hours Expended

Next, the Court addresses whether Plaintiff's claimed hours were "reasonably expended." *Phillips*, 2018 WL 1789546, at *3 (D.V.I. Apr. 12, 2018) (quoting *Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013)). In view of the 33.9 hours billed, the Court concludes that the number of hours claimed by Plaintiff is excessive. This was a routine, run-of-the-mill foreclosure case that was resolved by default judgment and the issues were relatively straightforward. Further, the Court considers that counsel is a senior associate who "has more than 20 years of direct foreclosure experience." (Dkt. No. 33 at 6).

Considering the routine, straightforward nature of the case and the relative simplicity of the tasks performed, the Court finds that 33.9 hours of work billed at the $250 per hour rate for a total amount of $8,475.00 in attorneys' fees is excessive. The Court will therefore reduce the $8,475.00 in fees by forty percent and will award attorneys' fees of $5,085.00. The Court finds that this amount is reasonable and more comparable with awards in other uncontested, run-of-the mill foreclosure cases—as here—without any unusual issues. *See, e.g.*, *Flagstar Bank, FSB v. Walcott,* Civil Action No. 2018-0037, 2022 WL 4094075, at *4 (D.V.I. Sept. 6, 2022) (awarding $4,850.00 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Martinez*, Civil Action No. 2016-0073, 2020 WL 4572340, at *7 (D.V.I. Aug. 7, 2020) (awarding $4,975.00 in attorneys' fees); *Fed. Nat'l Mortg. Ass'n v. Searles*, Civil Action No. 2015-0021, 2020 WL 4548218, at *3 (D.V.I. Aug. 5, 2020) (awarding $4,867.22 in attorneys' fees); *Lakeview Loan Servicing, LLC v. Rodriguez*, Civil Action No. 2016-0049, 2020 WL 2441412, at *5 (D.V.I. May 12, 2020) (awarding $4,175.00 in attorneys' fees).

### 3. Expenses

The Supreme Court of the Virgin Islands has opined that "costs" and "expenses" do not cover the same outlays of funds. In *Terrell v. Coral World*, 55 V.I. 580 (V.I. 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at 584. The *Terrell* court observed that "'costs are not synonymous with expenses unless expressly made so by statute.'" *Id*. at 591 n.14 (citation omitted). With regard to "expenses"—those case-related expenditures that do not qualify as "costs" under applicable statutes—such payments may be reimbursed if allowed by the parties' contract, because courts generally enforce the terms of contracts. *See Audubon Engineering Co. LLC v. International Procurement and Contracting Group LLC*, 647 F. App'x 95, 100 n.4 (3d Cir. 2016) (upholding district court's determination that plaintiff was entitled to attorneys' fees because defendant was prevailing party and contractually entitled to attorneys' fees and court costs); *Rainey*, 55 V.I. at 886 (court permitted party to recover legal fees and administrative costs allowed by its contract, "unless the fee is unreasonable."). Here, the Mortgage provides that the "[l]ender shall be entitled to collect all expenses . . . including, but not limited to . . . costs of court." (Dkt. No. 31-3 at ¶ 22).

Plaintiff is seeking reimbursement of $1,089.11 for the following expenses: $402.00 for filing the Complaint; $175.00 in title fees; $26.00 in recording fees; $61.11 in online search on Accurint (People/Business search); and $425.00 in service of process fees. (Dkt. No. 34-2). Plaintiff has submitted invoices that support each of the expenditures claimed and these expenses generally are considered reasonably incurred in a debt and foreclosure action. Because the claimed expenses are compensable per the terms of the Mortgage and are reasonable, they will be allowed in the amount of $1,089.11.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff Flagstar Bank, NA's (f/k/a Flagstar Bank, FSB) "Corrected Motion for Default Judgment." (Dkt. No. 36). Accordingly, the Court will award Judgment in favor of Plaintiff and against Defendants Gregory W. Degele and Laura Degele in the amount of $597,249.37, consisting of the principal balance of $528,901.75; accrued interest from November 1, 2022 to March 15, 2025 of $42,335.80; accrued interest from March 16, 2025 through the date of the entry of Judgment of $16,238.12; escrow advance of $9,329.26; and accumulated late charges of $444.44. The total indebtedness of $597,249.37 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

The Court determines the priority of the liens as follows: Plaintiff has a first priority lien and Defendant Estate Enfield Green has a second priority lien.

The Court will grant in part and deny in part Plaintiff's "Motion for Attorneys' Fees and Costs." (Dkt. No. 32). The Court will award attorneys' fees in favor of Plaintiff in the amount of $5,085.00 and expenses in the amount of $1,089.11.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: February 10, 2026

                                                _____/s/_____
                                                WILMA A. LEWIS
                                                Senior District Judge